UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

NATHAN C. MAAS,

Case No: GL 09-11416
Chapter 7

Debtor.

_____/

NATHAN C. MAAS,

Plaintiff,

Adversary Proceeding
No. 12-80384

v.

NORTHSTAR EDUCATION FINANCE, INC.,

Defendant.

_____/

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO ALTER OR AMEND JUDGMENT

Appearances:

Nathan C. Maas, Lansing, Michigan, *Pro se* Debtor/Plaintiff.

Aaron J. Scheinfield, Esq., Southfield, Michigan, Attorney for Defendant, Northstar Education Finance, Inc.


On November 16, 2012, Nathan C. Maas (the "Debtor") filed the above-captioned adversary proceeding against Northstar Education Finance, Inc. ("Northstar"). The Debtor's complaint sought a determination that four loans he received from Northstar while enrolled at Thomas M. Cooley Law School were not educational benefit loans under § 523(a)(8), and that the resulting debts to Northstar were dischargeable in his chapter 7 case.

Northstar filed a motion for summary judgment on March 18, 2013. (AP Dkt. No. 18.) The Debtor filed a response to the motion for summary judgment, and two hearings

were held on the motion.  After the hearings, and having carefully reviewed the summary judgment record, this court entered a detailed written opinion and order granting Northstar's motion.  (AP Dkt. Nos. 44 & 45.)  Based on the uncontested facts, including the repeated references to the educational purpose of the loans in the loan documents themselves, the court concluded that the loans received by the Debtor from Northstar were for educational purposes and were excepted from the Debtor's discharge under § 523(a)(8)(A)(i) and (ii).

The Debtor filed a motion to alter or amend judgment on July 22, 2013.  (AP Dkt. No. 46.)  Northstar filed a response to the Debtor's motion on August 5, 2013.  (AP Dkt. No. 52.)  The court has carefully reviewed the pleadings and has concluded that oral argument would not materially assist in its determination regarding the requested relief.

This court has addressed the standards that apply to motions to alter or amend judgments in several written opinions.  See, e.g., Kim v. U.S. Dept. of Educ. (In re Kim), 453 B.R. 723 (Bankr. W.D. Mich. 2011); In re Grady, 417 B.R. 4 (Bankr. W.D. Mich. 2009); Crehan v. Ly (In re Ly), 350 B.R. 757 (Bankr. W.D. Mich. 2006).  Alteration or amendment of a prior court order is only justified in instances where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  See GenCorp, Inc. v. Am. Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).  Motions for reconsideration are "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made before judgment issued."  Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998); FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).

The Debtor's motion fails to set forth any legally cognizable basis for altering or amending the prior court order.  The Debtor does not identify any newly discovered

2

evidence or changes in controlling law.  Nor does the motion allege that the court's prior order would result in a manifest injustice.  At most, the Debtor's motion asserts that the court committed a legal error when it "imputed a statutory basis" for the relief requested by Northstar.  The statutory basis for the court's opinion, 11 U.S.C. § 523(a)(8), has never been in question.  Section 523(a)(8) was quoted in full in the Debtor's complaint, referenced in the pretrial order, cited in the summary judgment pleadings, and argued at the two hearings on Northstar's motion for summary judgment.  The Debtor had ample opportunity to dispute the educational nature of the loans prior to entry of the court's order.  The issues raised in the Debtors motion to amend are merely a "re-hash" of arguments that were made, or should have been made, prior to entry of the order.  These arguments are insufficient to support reconsideration of the court's conclusion that the debts to Northstar are nondischargeable.

Therefore, the Debtor's motion to alter or amend the prior court order is denied.  A separate order shall be entered accordingly.

Dated this 26 day of August, 2013,
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge